# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | * | |
| BARBARA HESSE, | * | No. 13-177V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: June 11, 2014 |
| | * | |
| | * | Decision on the record; insufficient |
| v. | * | proof of causation; flu vaccine; |
| | * | Guillan-Barré syndrome ("GBS") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

<u>Isaiah Kalinowski</u>, Maglio, Christopher & Toale, PA, Washington, DC, for petitioner;
<u>Gordon Shemin</u>, United States Dep't of Justice, Washington, DC, for respondent.

### **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

     Barbara Hesse filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 to—34 (2006), on March 7, 2013. Ms. Hesse alleges that the flu vaccine she received on October 22, 2010, caused her to suffer Guillan-Barré syndrome ("GBS"). The information in the record, however, does not show entitlement to an award under the Program.

### I.    Procedural History

     In support of her March 7, 2013 petition, Ms. Hesse periodically filed medical records (exhibits 1-5) and affidavits supporting those records (exhibit 6, 8-9). She filed a statement of completion on April 22, 2013.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On July 17, 2013, respondent filed a Rule 4(c) report concluding that petitioner failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that Ms. Hesse's GBS was caused by the flu vaccine received on October 22, 2010.  Resp't's Rep., filed July 17, 2013, at 13.  In her report, respondent noted that petitioner first met with a medical professional fifteen weeks after her flu vaccination.  Id. at 2.  Respondent also argued that the account in petitioner's affidavits did not match the information in the medical records.  Id. at 12-13.

A status conference was held on September 25, 2013, during which the parties agreed to a fact hearing.  Before this hearing was held, Ms. Hesse submitted an affidavit from her husband, Robert Hesse.  Exhibit 14.  Ms. Hesse and Mr. Hesse testified, via videoconferencing, at a hearing held on December 4, 2013.

On April 22, 2014, the findings of fact were issued stating that Ms. Hesse did not suffer from back pain in November or December 2010.  Findings of Fact at 6.  In addition, Ms. Hesse's weakness was found to have begun on February 3, 2011.  Id. at 7.

On May 12, 2014, petitioner moved for a decision on the written record.  In her motion, Ms. Hesse stated that she "does not deem it worthwhile to pursue prosecution."  Pet'r's Mot., filed May 12, 2014, at ¶ 2.  Respondent filed a response stating "insufficient evidence has been provided to establish a more likely than not causal connection between petitioner's October 22, 2010 flu vaccination and her GBS."  Resp't's Rep., filed May 28, 2014, at 2.  Accordingly, this case is now ready for adjudication.

## II.     Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  An examination of the record did not uncover any evidence that Ms. Hesse suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Hesse's condition was significantly aggravated by a vaccine.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either

medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support the Ms. Hesse's claim, a medical opinion must be offered in support. Ms. Hesse, however, has offered no such opinion. Accordingly, it is clear from the record in this case that Ms. Hesse has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master