# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| BARBARA HESSE, | *   No. 13-177V |
| | *   Special Master Christian J. Moran |
| Petitioner, | * |
| | *   Filed: September 9, 2014 |
| | * |
| | *   Attorneys' fees and costs; award |
| v. | *   in the amount to which |
| | *   respondent does not object. |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * | * |

Isaiah Kalinowski, Maglio, Christopher & Toale, PA, Washington, DC, for petitioner;
Gordon Shemin, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 8, 2014, petitioner filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $30,000.00, an amount to which respondent does not object. The Court awards this amount.

Ms. Hesse claimed that the flu vaccine she received on October 22, 2010, caused her to suffer Guillan-Barré syndrome ("GBS"). See Petition, filed March 7, 2013. Following the undersigned's April 22, 2014 findings of fact, Ms. Hesse

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

moved for a decision on the written record.  In her motion, Ms. Hesse stated that she "does not deem it worthwhile to pursue prosecution."  Pet'r's Mot., filed May 12, 2014, at ¶ 2.  On June 11, 2014, the undersigned ruled that Ms. Hesse was not entitled to compensation.  <u>Decision</u>, 2014 WL 3058209 (Fed. Cl. Spec. Mstr. June 11, 2014).

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  <u>See</u> 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners spent time gathering and filing medical records and affidavits as well as prepared for and participated in a fact hearing on behalf of Ms. Hesse.  Counsel took steps to resolve this case relatively quickly so as not to increase costs and expenses unnecessarily.  Thus, because petitioner's counsel acted in good faith and there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Heese seeks a total of **$30,000.00** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred no out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $30,000.00 in the form of a check made payable to petitioner and petitioner's attorney, Isaiah Kalinowski, Esq., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

2